**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

SYED ASKARI,

      Plaintiff,

vs.                                                    2:25-cv-220-GBW-KRS

MARIA G. LEGARRETA, in her individual
Capacity, Gadsden Independent School District,

      Defendant.

**<u>INITIAL SCHEDULING ORDER</u>**

This case is before the Court for scheduling, case management, discovery, and other non-dispositive matters. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court, will apply to this lawsuit.

The pro se plaintiff and defendant, appearing through counsel, shall "meet and confer" no later than **April 14, 2025** to formulate a provisional discovery plan. *See* Fed. R. Civ. P. 26(f). **As part of this process, the parties are reminded that Federal Rule of Civil Procedure 26(f) requires them to exchange views on the "disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." The parties have an attendant duty to preserve all electronically stored information that may be discoverable in this case.**

The time allowed for discovery is generally 120 to 180 days. Following their "meet and confer," the parties must cooperate to prepare a *Joint Status Report and Provisional Discovery Plan* ("JSR"), or, at either party's election with notice to the other side, file separate *Status Reports and Provisional Discovery Plans*. The Joint or Separate *Status Report and Provisional Discovery*

*Plan(s)* should follow the sample available on the Court's website.[1] The blanks for suggested/proposed dates in the Report are to be filled in by the parties. **If any party anticipates the use of one or more retained expert witness, the parties shall provide the following information in the Report in addition to completing all other portions of the document:**

> **(a)** whether any party opposes the sequential ordering of fact and expert discovery, and if so, the specific reasons for the opposition;
>
> **(b)** if the parties agree to sequential ordering of fact and expert discovery, a specific date for the completion of fact discovery, which precedes the deadline by which any party must serve an expert report;
>
> **(c)** specific dates for the commencement and conclusion of expert discovery.

Actual dates will be promulgated by order of the Court to be entered after the Rule 16 scheduling conference scheduled pursuant to this order. If a Joint Report is prepared, the represented party, Defendant, is responsible for filing the JSR. If Separate Reports are prepared, each side is responsible for filing his or her own Separate Report. The JSR or Separate Reports should be filed by **April 21, 2025**.

**Initial disclosures by a party pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen (14) days after the meet-and-confer session.**

A telephonic Rule 16 scheduling conference will be conducted on **April 29, 2025 at 10:00 a.m.** (Mountain Time). Counsel and any *pro se* party shall call Judge Sweazea's WebEx Teleconference line at **(855) 244-8681** and enter Meeting Number **2300 989 9447#** to be connected to the conference. Parties represented by counsel may, but are not required to, attend the telephonic

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. The standardized *Joint Status Report and Provisional Discovery Plan* is available at www.nmd.uscourts.gov/forms from the drop-down menu.

scheduling conference. At the Rule 16 scheduling conference, counsel and *pro se* parties should be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence, whether a *Daubert*[2] hearing is necessary, initial disclosures, the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2), and sequencing of fact and expert discovery. The Court, counsel, and *pro se* parties will also discuss settlement prospects and alternative dispute resolution possibilities. In addition, the scheduling conference participants will address consideration of consent by the parties to a United States Magistrate Judge presiding over dispositive proceedings, including motions and trial, pursuant to 28 U.S.C. § 636(c).

If service on all parties is not complete, Plaintiffs, whether appearing through counsel or *pro se*, are responsible for notifying all parties of the contents of this order.

Good cause must be shown, and the express written approval obtained from the Court, for any modifications of the dates in the scheduling order that issues from the JSR.

Pretrial practice in this case shall be in accordance with the above.

**IT IS SO ORDERED** this 28th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).