THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SYED ASKARI, § | |
|     Plaintiff, § | |
| § | |
| v. § | 25-CV-00220-GBW-KRS |
| § | |
| MARIA G. LEGARRETA § | |
| In her Individual Capacity, § | |
| Gadsen Independent School District § | |
|     Defendant. § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S DOC. 23

COMES NOW Defendant Maria G. Legarreta, by and through undersigned counsel, WALSH GALLEGOS KYLE ROBINSON, & ROALSON, P.C., (Roxie P. De Santiago), and hereby files a Response to Plaintiff's Doc. 23, entitled Plaintiff's Objection to Defendant's Motion to Dismiss [sic.] [Doc. 14, filed 04/09/2025] and Plaintiff's Objection to Defendant's Reply [Doc. 20, Filed 05/05/2025]. Defendant treats Doc. 23 as a Motion although not styled as such and asks that the motion be denied. In support thereof, Defendant Legarreta states as follows:

### INTRODUCTION:

Defendant timely filed her Answer in accordance with Rule 81 of the Federal Rules of Civil Procedure. Additionally, Defendant timely filed her Motion to Dismiss Plaintiff's Amended Complaint in accordance with Rule 6 of the Federal Rules of Civil Procedure. Accordingly, Defendant contends that both the Answer to Plaintiff's Complaint and Motion to Dismiss Plaintiff's Amended Complaint should be well received. Moreover, case law supports this Court's acceptance of Defendant's Motion to Dismiss.

**I.      Factual Background.**

Plaintiff filed his Civil Complaint and Demand for Jury Trial against Defendant Maria G. Legarreta in state court in the State of New Mexico in the County of Dona Ana in the Third Judicial District Court on January 17, 2025. [Doc. 2]. On March 3, 2025, Defendant Legarreta filed her Notice of Removal, along with an Original Answer and Affirmative Defenses with the same state court in the Third Judicial District Court.

Also on March 3, 2025, Defendant Legarreta filed her Notice of Removal in this federal court with the United States District Court for the District of New Mexico. [Doc. 1]. Defendant Legarreta thereafter filed her Original Answer and Affirmative Defenses with this Court on March 6, 2025. Plaintiff then filed his Amended Civil Complaint and Demand for Jury Trial against Defendants Maria G. Legarreta and Gadsden Independent School District (Gadsden ISD or the District) on March 24, 2025, which was received by Defendant via mail on March 26, 2025. [Doc. 8]. Defendants Legarreta filed her Motion to Dismiss Plaintiff's Amended Complaint and Demand for Jury Trial on April 9, 2025. [Doc. 14].

**II.     Defendant's filings were timely.**

    a. <u>Defendant timely filed her Answer following the Notice of Removal to Federal Court</u>

Rule 81 of the Federal Rules of Civil Procedure applies to a civil action after it has been removed from a state court. FRCP 81. According to Rule 81, a defendant who did not answer before removal must answer or present other defenses or objections "within the longest of these periods:

    A)   21 days after receiving – through service or otherwise—a copy of the initial pleading stating the claim for relief;

    B)    21 days after being served with the summons for an initial pleading on file at the time of service; or

    C)    7 days after the notice of removal is filed."

Defendant filed the Notice of Removal on March 3, 2025, and filed the Answer on March 6, 2025, only three days after filing the Notice of Removal. [Doc. 1, 3]. Accordingly, Defendant timely filed the Answer, well within the seven day-deadline outlined above in Federal Rule of Civil Procure Rule 81(c)(2(c). Plaintiff fails to acknowledge the prevailing timelines, once the matter was removed to federal court.

    b.  <u>Defendant timely filed her Motion to Dismiss the Amended Complaint Served via Mail</u>

Federal Rules of Civil Procedure dictate that when a pleading is served via mail, three additional days are added to extend the deadline to respond. More specifically, Federal Rule of Civil Procedure, Rule 6(d) states that when a party may or must act within a specified time after being served and service is made under:

- Rule 5(b)(2)(c) (mail),
- (D) (leaving with the clerk), or
- (F) (other means consented to),

3 days are added after the period would otherwise expire under Rule 6(a). FRCP 6(d).

Plaintiff "filed" or sent via mail its Amended Complaint on March 24, 2025, however, Defendant received Plaintiff's letter filing of the Amended Complaint on March 26, 2025. *See* Exhibit 1. Accordingly, Defendant's deadline to respond to the Amended Complaint is extended by 3 days, changing the deadline to respond to Thursday, April 10, 2025. As Defendant filed her response on April 9, 2025, Defendant timely filed the Motion to Dismiss. [Doc. 14].

   c. <u>Even if this Court considers Plaintiff's position that the motion to dismiss was untimely, the Motion to Dismiss should still be granted on the merits</u>

  Defendant maintains the position that Plaintiff's mailing of the Amended Complaint grants Defendant additional time to file its response, deeming Defendant's submission timely. However, even if this Court considers whether Defendant's Motion to Dismiss was timely, Defendant contends that 1) the Parties' disputed contentions of the deadlines results in only the difference of 1 day, which would not result in significant harm to Plaintiff, and most importantly, 2) Defendant's Motion to Dismiss is meritorious and thus justifies this Court's review.

  Courts have previously considered untimely submissions or motions to dismiss, especially when the submissions have been meritorious and not unreasonably untimely. *In re Potter*, 2008 WL 11450469 *1 (D.N.M., 2008); *Lucero v. Olivas*, 2015 WL 13650072 *2 (D.N.M., 2015); *United States v. Gonzalez*, 2006 WL 8443823 (D.N.M., 2006); and *Brown v. Noble*, No. 600876/10, 920 N.Y.S.2d 239, 29 Misc. 3d 1230(A), 2010 N.Y. Slip Op. 52096(U), 2010 WL 4941999 (Sup Ct, Dec. 01, 2010) (granting an untimely Motion to Dismiss on the merits). To that end, courts are encouraged to consider a dispositive motion that resolves the case, even if untimely, when the benefit could include alleviating the public burden and expense of litigation and reduce confusion. *LoSacco v. City of Middletown*, 822 F.Supp. 870 (D.Conn., 1993) (citing *Bowen v. Pan American World Airways, Inc.*, 474 F.Supp. 563 (S.D.N.Y., 1979)).

  Importantly, Plaintiff fails to present this Court with any case law to support its contention that Defendant's allegedly untimely Motion to Dismiss should be disregarded. The singular case presented by Plaintiff in its argument to disregard the Motion to Dismiss entirely relates to separate issues and does not at all address an untimely submission of a motion to dismiss. Plaintiff's singular source of case law support does not compel the disregard of Defendant's meritorious Motion to Dismiss.

Finally, in Defendant's Original Answer and Affirmative Defenses (Dkt. 3), Plaintiff received notice of the grounds under which Defendant would pursue a motion to dismiss against Plaintiff's claims. While Plaintiff filed an Amended Complaint, the nexus of claims (and presentation thereof) present the same insufficiencies previously raised by Defendant, and thus Plaintiff received abundant notice regarding Defendant's position regarding insufficient claims. Accordingly, Plaintiff experiences no additional harm through this Court's acceptance of Defendant's Motion to Dismiss.

## CONCLUSION:

Defendant respectfully requests that this Court accepts Defendant's Answer to Plaintiff's Complaint as timely. Additionally, Defendant respectfully requests that this Court accepts Defendant's Motion to Dismiss Plaintiff's Amended Complaint as timely. In the alternative, Defendant request that this Court review and consider Defendant's Motion to Dismiss Plaintiff's Amended Complaint on the merits.

WHEREFORE, Defendants furthermore pray that this Court dismiss the Amended Complaint and for such other further relief as this Court deems just and proper.

Respectfully submitted,

**WALSH GALLEGOS KYLE ROBINSON & ROALSON, PC**

By: _Roxie P. De Santiago_
    Roxie P. De Santiago
    Eric G. Rodriguez
    Walsh Gallegos Kyle Robinson & Roalson, P.C
    500 Marquette Ave., Suite 1310
    Albuquerque, NM 87102
    Tel: (505) 243-6864
    E-mail: rdesantiago@wabsa.com
    Counsel for Defendant Maria G. Legarreta

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing, ***Defendant's Surreply in Support of its Motion to Dismiss***, was electronically filed pursuant to the NEW MEXICO RULES OF CIVIL PROCEDURE, which provides electronic service to counsel of record if the email address of the attorney to be served is on file. Additionally, a copy of the foregoing pleading was served upon Plaintiff on the 22nd day of May 2025 as set out below:

Syed Askari
8001 East N. Mesa Street
Number 106
El Paso, Texas 79932
(915) 474-9354
*Plaintiff*

                                                By:   */s/ Roxie P. Rawls-De Santiago*
                                                       Roxie P. Rawls-De Santiago