IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYED ASKARI,

    Plaintiff,

v.                                                       Civ. No. 25-220 GBW/KRS

MARIA G. LEGARRETA, *in her
individual capacity*, *Gadsden
Independent School District*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss (*doc. 14*), Plaintiff's Motion for Continuance (*doc. 22*), and Defendant's Motion for a Hearing on Defendant's Motion to Dismiss (*doc. 30*). Having reviewed the briefing and all relevant law, the Court will GRANT the motion to dismiss, DENY the motion for continuance, and DENY the motion for a hearing.

**I.**     **BACKGROUND**

Plaintiff filed this action in the Third Judicial District Court on January 17, 2025, asserting various claims against Defendant relating to his alleged detention in Defendant's office and a negative performance review. *Doc. 2*. The case was removed to federal court on March 3, 2025. *Doc. 1*. On March 24, 2025, Plaintiff filed the currently operative Amended Complaint. *Doc. 8*.

The factual allegations of the Amended Complaint are somewhat difficult to understand but appear to be as follows. At all times relevant to his claims, Plaintiff was a mathematics teacher at Gadsden High School. *Doc. 8* at 9. Defendant was a supervisor. *See id*. at 8. Plaintiff alleges that at all relevant times, Defendant was not acting within the scope of her official duties. *Id*. at 9. On October 28, 2024, Defendant "coerced" Plaintiff into signing a fabricated performance plan and initiated Plaintiff's constructive discharge using "memorandum [sic] of disciplinary insubordination." *Id*. at 6. Defendant threatened Plaintiff with a "Memorandum of Disciplinary Insubordination" if he did not remain in her office for one hundred minutes and sign the performance plan. *Id*. at 7.

On September 27, 2024, and October 28, 2024, Defendant published untruthful statements about Plaintiff. *Id*. at 8. Specifically, Defendant issued a statement ordering Plaintiff to "Collaborate with Colleagues," as well as a statement: "Failure in Collaboration with Colleagues." *Id*. In addition, the "Poor Performance Paper" published by Defendant on October 28, 2024,[1] included misleading and fabricated statements intended to harm Plaintiff's reputation and teaching career. *Id*.

On January 30, 2025, around 8:00 a.m., Plaintiff arrived in his classroom. *Id*. at 7. Defendant was hiding in the classroom with the lights off and "ambushed" Plaintiff

---

[1] Though not explicitly stated, this appears to be the same performance plan that Defendant "coerced" Plaintiff into signing. *See doc. 8* at 6.

with a large brown mailing envelope and documents. *Id*. Plaintiff was frightened and walked to a small room in the library, but Defendant followed him. *Id*. at 8. Plaintiff wept and asked not to be taken to Defendant's office because she "keeps me [Plaintiff] for long hours." *Id*. (alteration in original). At some point, Plaintiff fell on the library floor where he continued weeping. *Id*. He was transported by ambulance to the hospital. *Id*. The Amended Complaint characterizes this as a "work-related injury," *id*. at 3, though it is not clear from the allegations whether Plaintiff was physically injured.

II.    **LEGAL STANDARD**

A.    <u>Rule 12(b)(6)</u>

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). The court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

B.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to contest a federal court's jurisdiction over the subject matter of a claim by motion. Fed. R. Civ. P. 12(b)(1). Generally, such a motion takes one of two forms: a facial or factual attack. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). A facial attack assumes the allegations of the complaint as true but argues that no jurisdiction exists. *Id*. A factual attack "may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends." *Id*. at 1003. When reviewing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations and has wide discretion to consider outside evidence when resolving disputed jurisdictional facts. *Id*. In either circumstance, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id*. at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) and *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)).

III.   ANALYSIS

The Amended Complaint asserts various and numerous claims including cruel and unusual punishment, hostile work environment, libel, defamation, and false detention or arrest. *See doc. 8* at 3–4. Also invoked are the New Mexico Human Rights

4

Act (NMHRA), Title VII of the Civil Rights Act, and the New Mexico Tort Claims Act (NMTCA). *Id*. at 4, 5. Defendant argues (1) that the Amended Complaint should be dismissed under Fed. R. Civ. P. 15(a) because the amendment was untimely, (2) that Plaintiff's NMTCA claims should be dismissed for failure to meet the notice requirement, (3) that the NMHRA claims should be dismissed for failure to exhaust administrative remedies, and (4) that all other claims should be dismissed because they are unsupported by factual allegations.[2] *See doc. 14*. Plaintiff requests a continuance pursuant to Fed. R. Civ. P. 56(d)(2) to obtain discovery. *Doc. 22*.

    A.    <u>Timeliness of Amendment</u>

The Federal Rules provide that a party "may amend its pleading once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Fed. R. Civ. P. 15. Defendant contends the Amended Complaint should be "dismissed as untimely" because the original complaint was served on January 31, 2025. *Doc. 14* at 2–3. But the record reflects that Defendant filed her Original Answer and Affirmative Defenses in state court on March 3, 2025. *Doc. 3*. The Amended Complaint was filed on March 24, 2025. *Doc. 8*. Because the Amended Complaint was filed 21 days after

---

[2] Defendant also argues for the first time in her reply brief that Plaintiff's Title VII claims should be dismissed for failure to exhaust. *Doc. 20* at 4. "[A]rguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Because the issue was not fully briefed and because the Court herein dismisses Plaintiff's claims on other grounds, the undersigned does not reach the issue of Title VII exhaustion.

Defendant's responsive pleading, Plaintiff was not required to seek leave of the Court and there is no basis for dismissal or other sanctions under Rule 15. *See, e.g., Serna v. Andrade*, Civ. No. 23-76 MLG/JFR, 2023 U.S. Dist. LEXIS 247608, at *2 (D.N.M. Oct. 19, 2023) ("The Court's leave for filing an amended complaint is not required until 21 days after Defendant's answer was filed.").

B.  NMTCA Notice Requirement

The NMTCA requires claimants to provide written notice of "the time, place and circumstances of the loss or injury" to the head of the public body being sued within ninety days of the occurrence giving rise to the claims. NMSA § 41-4-16(A). Notice of claims against the school district must be provided to "the superintendent of the school district." *Id*. The NMTCA provides that "[n]o suit or action . . . shall be maintained and no court shall have jurisdiction" unless the required notice was given, or unless the governmental entity had "actual notice" of the occurrence. *Id*. § 41-4-16(B). The purpose of this requirement is "(1) to enable the person or entity to whom notice must be given . . . to investigate the matter while the facts are accessible; (2) to question witnesses; (3) to protect against simulated or aggravated claims; and (4) to consider whether to pay the claim or to refuse it." *Martens v. City of Albuquerque*, 531 P.3d 607, 609 (N.M. Ct. App. 2023) (citation and quotation omitted). Therefore, the requisite notice "is not simply actual notice of the occurrence of the accident or injury but rather, actual notice that there exists a likelihood that litigation may ensue." *Herald v. Bd. of*

6

*Regents of the Univ. of N.M.*, 357 P.3d 438, 449 (N.M. Ct. App. 2015) (quoting *Dutton v. McKinley County Bd. of Comm'rs*, 822 P.2d 1134, 1136 (N.M. Ct. App. 1991)).  Under the NMTCA, "defendants have the burden of proving that the notice requirement was not met."  *Gallegos v. Bernalillo Cnty. Bd. of Cty. Comm'rs*, 278 F. Supp. 3d 1245, 1269 (D.N.M. 2017) (quoting *Dutton v. McKinley Cnty. Bd. of Comm'rs*, 822 P.2d 1134, 1135 (N.M. Ct. App. 1991)).

The Amended Complaint alleges that "Plaintiff has timely served the State of New Mexico Tort Notice of Claims to the Superintendent of Gadsden ISD through its Counsel: Walsh Gallegos Kyle Robinson & Roalson, P.C., on the 20th day of March 2025."  *Doc. 8* at 5.  This allegation refers, presumably, to "Plaintiff's Tort Notice of Claims" filed on this Court's docket on March 20, 2025, which purports to give the Superintendent notice of claims based on the events of January 30, 2025.  *Doc. 7*.  Defendant denies that this filing constitutes valid notice and argues it was filed outside the 90-day period allowed by the statute.  *Doc. 14* at 4–5.  Defendant does not explain why the filing was invalid or insufficient to notify them about claims arising January 30, 2025.  Plaintiff's notice, though unconventional in form, describes at least the time and place of his alleged injury.  *See doc. 7* at 1.  It was filed within 90 days of the events of January 30, 2025.[3]  Defendant makes no argument about whether it adequately set forth

---

[3] Plaintiff's "Tort Notice of Claims" does not purport to give notice of injuries arising from any prior events, such as those alleged in September and October of 2024.  *See generally doc 7*.

the circumstances of the injury or whether it was presented to the appropriate public entity.[4]

However, the Court need not determine at this juncture whether Plaintiff complied with the NMTCA's notice requirement. Defendant also argues that the claims based on the events of January 30, 2025—"false detention or arrest," *see doc. 8* at 7—are unsupported by factual allegations, and the Court agrees. The Amended Complaint alleges that Defendant hid in Plaintiff's classroom and "ambushed" him with a "Large Brown Mailing Envelope and Documents." *Id*. It alleges Defendant "terrorized" and "harassed" Plaintiff and followed him into a small room in the library. *Id*. at 7–8. Defendant then "was sitting in the room with large mailing brown envelope and documents in her hands." *Id*. at 8. Under New Mexico law, "[f]alse arrest involves the unlawful arrest of a person." *Butler v. Rio Rancho Pub. Sch. Bd. of Educ.*, 245 F. Supp. 2d 1203, 1211 (D.N.M. 2002) (citing *Diaz v. Lockheed Electronics*, 618 P. 2d 372, 374 (N.M. Ct.

---

[4] In order to satisfy the NMTCA's requirements, the claimant's notice must describe the "circumstances" of the injury, NMSA § 41-4-16(A), and "must be directed to at least one of the named individuals in the statute or an agent of those individuals," *Martens v. City of Albuquerque*, 531 P.3d 607, 609 (N.M. Ct. App. 2023) (citing NMSA § 41-4-16(A); *Martinez v. City of Clovis*, 625 P.2d 583, 585–86 (N.M. Ct. App. 1980)). These requirements are not fully addressed in the parties' briefing. The Court also notes that the record raises unexplored questions about whether Defendant had actual notice of Plaintiff's claims. The Amended Complaint was filed within 90 days of January 30, 2025, and there is some support in this District for the proposition that the NMTCA's notice requirement is satisfied by the filing of a lawsuit without additional or prior notice. *Griego v. N.M. State Police*, Civ. No. 9-599 BB/ACT, 2009 U.S. Dist. LEXIS 154591, at *10 (D.N.M. Feb. 23, 2010) ("The purposes of the TCA's notice provision are satisfied where, as here, a lawsuit is filed and the complaint is served within ninety days of the occurrence in question."). The Amended Complaint also alleges that Plaintiff filed grievances with the Gadsden ISD Administration on January 8, January 22, and January 29, 2025, and it is unclear whether these communications may have alerted Defendant to the likelihood of litigation. *Doc. 8* at 4–5.

App. 1980)); *see also Gose v. Bd. of Cnty. Comm'rs*, 727 F. Supp. 2d 1256, 1260 (D.N.M. 2010) ("False arrest is a term that describes the setting for false imprisonment when it is committed by an officer or by one who claims the power to make an arrest." (quoting D. Dobbs, *The Law of Torts* § 36, at 67 (2000)). Plaintiff does not allege that Defendant arrested him, attempted to arrest him, or claimed she had the power to arrest him. *See doc. 8* at 7–8. False imprisonment "consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so," *Romero v. Sanchez*, 895 P.2d 212, 215 (N.M. 1995) (quoting NMSA § 30-4-3), and unlawful detention "has similar requirements," *id*. (citing S*tate v. Ryder*, 649 P.2d 756, 758 (N.M. Ct. App. 1982)). The Amended Complaint does not allege that Defendant confined or restrained Plaintiff. *See doc. 8* at 7–8. Therefore, Plaintiff fails to state a claim of false arrest or unlawful detention based on the events of January 30, 2025, and the Court will grant dismissal.[5]

### C. NMHRA Exhaustion

Defendant moves for dismissal of Plaintiff's discrimination claims based on failure to exhaust under the NMHRA. The NMHRA sets out grievance procedures under which a person claiming unlawful discrimination may file a written complaint

---

[5] The Court also notes that the NMTCA grants and waives immunity only for public employees acting "within the scope of duty," NMSA § 41-4-4(A), which is defined as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity," *id*. § 41-4-3(G). However, the Amended Complaint alleges that at all relevant times, "Defendant was not acting within the scope of its [sic] official duties as an employee of Gadsden ISD." Doc. 8 at 9. The complaint therefore fails, for another reason, to state a claim cognizable under the NMTCA.

9

with the human rights division of the labor department.  NMSA § 28-1-10(A).  After receiving an order from the human rights division, the claimant may appeal to the district court.  *Id*. § 28-1-13(A).  "[F]ull compliance with NMHRA grievance procedures is a prerequisite to filing an NMHRA claim in district court."  *Mitchell-Carr v. McLendon*, 980 P.2d 65, 70 (N.M. 1999) (citation omitted).  The court "must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied."  *Id*.

The Amended Complaint alleges that "Plaintiff has filed a Discrimination Form in the Human Rights Bureau, Labor Relations Division, New Mexico Department of Workforce Solutions, Santa Fe, NM 87505, on January 26, 2025."  *Doc. 8* at 4.  Plaintiff does not allege that he received an order from the Division, nor that he requested and obtained a waiver pursuant to NMSA § 28-1-10(J).  Therefore, based on the allegations of the complaint, any claims brought pursuant to the NMHRA must be dismissed for failure to comply with the statutorily required grievance procedures.[6]

### D. Sufficiency of Allegations

Defendant moves for dismissal of the remaining claims (except as noted below) on the basis that the Amended Complaint contains no factual allegations to support them.  The Court agrees that the allegations fall short of the federal pleading standard.

---

[6] In addition, based on the dates alleged, it seems that the complaint Plaintiff filed with the Division on January 26, 2025, could not have included events alleged on January 30, 2025.

10

Under the Federal Rules of Civil Procedure, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard means the plaintiff must provide "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington*, 643 F.3d at 723 (quoting *Iqbal*, 556 U.S. at 678). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (2007).

      The Amended Complaint lists eleven "Claims for Relief" without any accompanying explanation of how the facts support them or why Plaintiff is entitled to relief. *Doc. 8* at 3–4. Some of the listed claims have no clear basis in law, such "INTENTIONALLY TERRIFYING A PUBLIC SERVANT AT THE WORKPLACE." *Id*. at 3. While Plaintiff, as a pro se litigant, is entitled to liberal construction of his pleadings, he may not rely on the Court to "construct [his] causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (citing *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006)). Where the Amended Complaint does provide factual allegations to support these claims, they are largely conclusory. For example, in order to state a claim of discrimination under Title VII, Plaintiff must show he was "discriminate[d] against . . . with respect to his compensation, terms, conditions, or

11

privileges of employment, because of [his] race, color, religion, sex, or national origin.'" *Khalik v. United Airlines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)). The Amended Complaint alleges in conclusory fashion that Plaintiff suffered injuries "as a result of infliction of bias, single out [sic], and discrimination," *doc. 8* at 2, and that a "[p]reponderance of evidence shows that Plaintiff has been singled out and subjected to discrimination in violation of . . . Title VII of the Civil Rights Act of 1964," *id*. at 4, but it provides no specific factual allegations about the nature of the alleged discrimination or the protected characteristic (i.e., race, color, religion, sex, or national origin) on which it was based. The remaining claims, such as "INTENTIONALLY OBSTRUCTING A PUBLIC SERVANT TO SERVE THE COMMUNITY," "CRUEL AND UNUSUAL PUNISHMENT," and "VIOLATION OF STATE'S RIGHT TO WORK CLAUSE," are accompanied by no factual allegations whatsoever. *See generally id*. The Amended Complaint therefore fails to state a claim upon which relief can be granted.

Defendant specifically does not request dismissal of libel claims based on the September 27, 2024, and October 28, 2024 publications, or of the false detention claim arising on October 28, 2024.[7] *Doc. 20* at 7; *see doc. 8* at 6–7, 8. Those claims therefore will not be dismissed. Defendant also specifically excludes from the motion "claims based

---

[7] Defendant's position on these claims is somewhat unclear. Defendant urges that any NMTCA claims based on the events of October 28, 2024 should be dismissed for lack of notice, *see doc. 14* at 5, but states in the reply brief that "the pending motion does not address those claims," *doc. 20* at 7. The undersigned infers that Defendant does not consider the above-listed claims of libel and false detention to fall within the scope of the NMTCA. At any rate, Defendant is represented by counsel and the Court will honor her plain language that she does not wish to move for dismissal of these claims.

12

on Federal Rules of Civil Procedure and the Privileges and Immunities Clause," *doc. 20* at 7; however, the Amended Complaint does not appear to articulate any claims based on either the Federal Rules or the U.S. Constitution, *see generally doc. 8*. Accordingly, the motion to dismiss is granted with respect to all claims except for the libel claims and the claim of false detention based on events occurring October 28, 2024.

### E. Rule 56(d) Request

Plaintiff requests a continuance "pursuant to Fed. R. Civ. P. 56(d)(2)" to obtain discovery involving surveillance camera footage from Defendant. *Doc. 22* at 1. Rule 56(d) allows the court to defer consideration of a summary judgment motion where the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Defendant has not moved for summary judgment and Rule 56(d) is therefore inapplicable. Moreover, evidence obtained through discovery is not relevant to a motion to dismiss, which relies only on the allegations of the complaint. *See* Fed. R. Civ. P. 12(b). Plaintiff's motion is therefore denied.

### F. Compliance with Rule 10

The Federal Rules require a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id*. The

13

Amended Complaint does not comply with this rule. Plaintiff is hereby warned that any future complaint that does not use numbered paragraphs will be dismissed. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

## IV.  CONCLUSION

For the foregoing reasons, is hereby ORDERED as follows:

(1) Defendant's Motion to Dismiss (*doc. 14*) is **GRANTED**. All claims except for the libel claims based on the September 27, 2024, and October 28, 2024 publications, and the false detention claim based on the events of October 28, 2024, are hereby **DISMISSED WITHOUT PREJUDICE**.

(2) Plaintiff's Motion for Continuance (*doc. 22*) is **DENIED**.

(3) Because the Court does not find that a hearing is necessary to resolve the motion, Defendant's Opposed Motion for a Hearing on Defendant's Motion to Dismiss (*doc. 30*) is also **DENIED**.

(4) Within **30 days** of this Order, Plaintiff may file a second amended complaint. Plaintiff is reminded that all filings must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico, and failure to comply with applicable rules may result in sanctions up to and including dismissal. If a second amended complaint is not timely filed, the dismissal will be converted into a dismissal with prejudice where permitted by law.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**